**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF DELAWARE
```

| | | |
|---|---|---|
| ROBERT G. HERNANDEZ, | : | Civil Action No. 10-726(NLH-JS) |
| Plaintiff, | : | |
| v. | : | |
| PERRY PHELPS, et al., | : | |
| Defendants. | : | **O P I N I O N** |

**APPEARANCES:**

> ROBERT G. HERNANDEZ, Plaintiff pro se
> James T. Vaughn Correctional Center
> Smyrna, Delaware  19977

**HILLMAN**, District Judge

Plaintiff Robert G. Hernandez ("Hernandez"), who proceeds pro se, filed a Complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983.  At this time, the Court will review the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court will deny Hernandez's request for counsel without prejudice to renew; allow Hernandez to proceed against Cpl. Donovan on the excessive force claim; will dismiss all remaining claims for failure to state a claim upon which relief may be

granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1); and will give Hernandez leave to amend his Complaint.

I. **Standard of Review**

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Because Hernandez proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or

2

"fantastic or delusional" factual scenario. Neitzke, 490 at 327-28; Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989); see, e.g., Deutsch v. United States, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Hernandez leave to amend his Complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. See Ashcroft v. Iqbal, –U.S.–, 129 S.Ct. 1937 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." Id. at 1949. When determining whether dismissal is appropriate, the Court conducts

a two-part analysis. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. Id. The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions. Id. at 210-11. Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show that Hernandez has a "plausible claim for relief."[1] Id. at 211. In other words, the Complaint must do more than allege Hernandez's entitlement to relief; rather it must "show" such an entitlement with its facts. Id. "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." Iqbal, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

## II. **Plaintiff's Allegations**

Hernandez was transferred from a New Mexico correctional facility to the Delaware Department of Correction ("DOC"). He is currently housed at the James T. Vaughn Correctional Center ("VCC"). Plaintiff seeks a transfer back to New Mexico to be

---

[1] A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id.

4

near his family.  He alleges a violation of the "Interstate Agreement."

On May 26, 2010, Hernandez, Defendant Cpl. Donovan ("Donovan"), and another officer engaged in an altercation. Hernandez alleges that Donovan maced him.  Later, Hernandez was charged with assault and since then has been housed in maximum security.  Hernandez believes that, while housed at the VCC, he should be afforded an education, a job, or work detail, and he has sought assistance from different unnamed counselors, to no avail.

Hernandez has several medical conditions.  He alleges that he is not provided required medication, his mental health sessions are not private, and he has not seen dental or an optometrist despite several requests.  Hernandez seeks injunctive relief and compensatory damages.  He also requests counsel. (D.I. 3.)

III. **Discussion**

A. Personal Involvement

The Complaint contains numerous allegations but, other than to name Donovan as using excessive force, speaks to no other person listed as a Defendant.[2]  A civil rights complaint must

---

[2] In addition to Donovan, Plaintiff names as defendants Perry Phelps, Rick Kearney, Jim Welsh, Linda Kemp, Natasha Scott-Knight, Cindy Atallian, Dr. Louis Desrosiers, Trina Herron-Davis, Kimberly Agentti, Kimberly Tribbitt, and Cathy Kionke.

state the conduct, time, place, and persons responsible for the alleged civil rights violations. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980); Hall v. Pennsylvania State Police, 570 F.2d 86, 89 (3d Cir. 1978)); see also Solan v. Ranck, 326 F. App'x 97, 101 (3d Cir. 2009) (not published). The bare identifying allegations fail to set forth facts indicating that the Defendants other than Donovan personally directed or knew of and acquiesced in any alleged constitutional violation. See Evancho v. Fisher, 423 F.3d at 353-54. Absent any allegation of personal involvement, Plaintiff's § 1983 claims against all Defendants, save Donovan, cannot stand.

Therefore, the Court will dismiss the claims for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1). However, since it appears plausible that Hernandez may be able to articulate a claim against Defendants (or name alternative defendants), he will be given an opportunity to amend his claims. See O'Dell v. United States Gov't, 256 F. App'x 444 (3d Cir. 2007) (not published) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

B. Request for Counsel

Hernandez seeks counsel on the grounds that he is unable to afford counsel, his imprisonment greatly limits his ability to litigate, the issues are complex and will require significant research and litigation, he has limited access to the law library and limited knowledge of the law, a trial will likely involve conflicting testimony, and he has made repeated unsuccessful attempts to retain counsel. (D.I. 3.)

A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). However, representation by counsel may be appropriate under certain circumstances, if the Court finds that plaintiff's claim has arguable merit in fact and law. Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). The Court should consider a number of factors when assessing a request for counsel, including: (1) Plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of Plaintiff to pursue investigation; (4) Plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. Tabron v. Grace, 6 F.3d

at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

Upon consideration of the record, the court is not persuaded that the request for counsel is warranted at this time. It is unclear whether Plaintiff's claim has arguable merit. Moreover, Plaintiff appears to have the ability to present his claims and there is no evidence that prejudice will result in the absence of counsel. More importantly, this case is in its early stages and, should the need for counsel arise later, one can be appointed at that time. Accordingly, the Court will deny the Request for Counsel without prejudice to renew.

## IV. **Conclusion**

For the reasons set forth above, the Court will deny Hernandez's request for counsel without prejudice to renew. In addition, the Court will allow Hernandez to proceed against Cpl. Donovan on the excessive force claim, and will dismiss all remaining claims for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Hernandez will be given leave to amend his Complaint.

An appropriate Order accompanies this Opinion.

                                                      /s/ NOEL L. HILLMAN
                                                      **NOEL L. HILLMAN**
                                                      **United States District Judge**

Dated: February 3, 2011
At Camden, New Jersey

```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF DELAWARE
_____
ROBERT G. HERNANDEZ,           :   Civil Action No. 10-726(NLH-JS)
                               :
                               :
         Plaintiff,            :
                               :
    v.                         :
                               :
PERRY PHELPS, et al.,          :
                               :
         Defendants.           :   **O R D E R**
                               :
_____
```

For the reasons stated in the Opinion filed herewith,

**IT IS** this 3rd day of February, 2011,

**ORDERED** that Plaintiff Robert G. Hernandez's Request for Counsel (D.I. 3) is **DENIED** without prejudice to renew; and it is further

**ORDERED** that Defendants Perry Phelps, Rick Kearney, Jim Welsh, Linda Kemp, Natasha Scott-Knight, Cindy Atallian, Dr. Louis Desrosiers, Trina Herron-Davis, Kimberly Agentti, Kimberly Tribbitt, and Cathy Kionke are **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1); and it is further

**ORDERED** that Plaintiff Robert G. Hernandez is given leave to **AMEND** the Complaint within **THIRTY (30) DAYS** from the date of this Order; and it is further

**ORDERED** the Court has identified what appears to be a cognizable and non-frivolous claim against Defendant Cpl. R.

Donovan and Plaintiff will be allowed to **PROCEED** on this claim; and it is finally

**ORDERED** that if Plaintiff Robert G. Hernandez fails to amend within **THIRTY (30) DAYS** from the date of this Order the case will proceed only on the claim against Defendant Cpl. R. Donovan.

|  |  |
|---|---|
| At Camden, New Jersey | /s/ NOEL L. HILLMAN<br>NOEL L. HILLMAN, U.S.D.J. |