**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT G. HERNANDEZ, | : | Civil Action No. 10-726(NLH-JS) |
| Plaintiff, | : | |
| v. | : | |
| CPL. R. DONOVAN, et al., | : | |
| Defendants. | : | **O P I N I O N** |

**APPEARANCES:**

> ROBERT G. HERNANDEZ, Plaintiff pro se
> James T. Vaughn Correctional Center
> Smyrna, Delaware 19977

**HILLMAN**, District Judge

Plaintiff Robert G. Hernandez ("Hernandez"), who proceeds pro se, filed a Complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. The Court has reviewed and screened the original Complaint and the Amended Complaint. Excessive force claims against Cpl. R. Donovan and dental needs claims against Dr. Kionke remain. Hernandez recently filed several motions, discussed below.

I. **Motion for Reciprocal Relief**

The Motion for Reciprocal Relief (D.I. 23) is merely a list of three motions filed by Hernandez. (See D.I. 24, 25, 26.) Therefore, the Court will deny the motion.

II. **Motion to Amend or Expand the Record**

Hernandez filed a Motion to Amend or Expand the Record. The motion is incorrectly titled. The filing is actually an amended complaint that Hernandez was allowed to file after seeking leave from the Court. (See D.I. 21, 22.) Therefore, the Court will deny the motion as moot. (D.I. 24.)

The Clerk of Court is directed to docket the Motion as a Second Amended Complaint.

III. **Motion for Temporary Restraining Order**

Hernandez filed a Motion for Temporary Restraining Order to preclude Defendants or their co-workers from retaliating against him or carrying out threats. (D.I. 25.)

When considering a motion for a temporary restraining order or preliminary injunction, the court determines: (1) the likelihood of success on the merits; (2) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; (3) the balancing of the hardships to the respective parties; and (4) the public interest. Kos Pharmaceuticals, Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004)(citation omitted). "[A]n injunction may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." Continental Group, Inc. v. Amoco Chems. Corp., 614 F.2d 351, 359 (3d Cir. 1980)(quoting Holiday Inns of Am., Inc. v. B & B Corp., 409 F.2d 614, 618 (3d Cir. 1969)). "The relevant inquiry is

whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." SI Handling Sys., Inc. v. Heisley, 753 F.2d 1244, 1264 (3d Cir. 1985).

Here, Hernandez speaks to threats and the possibility of future harm. In addition, allegations that prison personnel have used threatening language and gestures are not cognizable claims under § 1983. Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979) (defendant laughed at prisoner and threatened to hang him); see also McBride v. Deer, 240 F.3d 1287, 1291 (10th Cir. 2001)(taunts and threats are not an Eighth Amendment violation); Prisoners' Legal Ass'n v. Roberson, 822 F.Supp. 185, 189 (D.N.J. 1993) (verbal harassment does not violate inmate's constitutional rights).

Hernandez has not met the requisites for injunctive relief. Therefore, the Court will deny the motion. (D.I. 25.)

IV. **Motion for Stipulation for Immediate Retraction of the Interstate Agreement between New Mexico and Delaware**

Hernandez was transferred to Delaware pursuant to an Interstate Compact Agreement between Delaware and New Mexico. He moves the Court for a retraction of the agreement. (D.I. 26.) Hernandez states that he would like to be closer to his family and continue his rehabilitation. In addition, he contends that

he has demonstrated mental and physical abuse at the hands of security and medical personnel.

The Interstate Corrections Compact is an agreement between states, enacted by statute in each participating state, that authorizes the transfer of one State's prisoner to another State's prison. See Olim v. Wakinekona, 461 U.S. 238, 246 (1983). "The purpose of [the] compact is to provide for the mutual development and execution of such programs of cooperation for the confinement, treatment and rehabilitation of offenders with the most economical use of human and material resources." 11 Del. C. § 6571 Art. I (2001).

The Interstate Corrections Compact is a law of the State of Delaware and not a federal law. Hernandez asks the Court to interfere with State proceedings but, in essence, he seeks a transfer to the New Mexico Department of Correction. The United States Supreme Court has held that an inmate has no due process right to be incarcerated in a particular institution whether it be inside the state of conviction, or outside that state. Olim v. Wakinekona, 461 U.S. 238, 251(1983). The Court cannot provide Hernandez the relief he seeks. Therefore, the motion will be denied. (D.I. 26.)

V. **Request for Counsel**

Hernandez requests counsel on the grounds that the case is complex, he is "unlearned" in the law, counsel would be

beneficial and expedite a speeder resolution, and he has sought counsel to no avail. (D.I. 33.)

A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). However, representation by counsel may be appropriate under certain circumstances, if the court finds that Hernandez's claim has arguable merit in fact and law. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).

The Court should consider a number of factors when assessing a request for counsel, including: (1) Plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of Plaintiff to pursue investigation; (4) Plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. Tabron v. Grace, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

Upon consideration of the record, the Court is not persuaded that the request for counsel is warranted at this time. It is unclear whether Hernandez's claim has arguable merit. Moreover,

he appears to have the ability to present his claims and there is no evidence that prejudice will result in the absence of counsel. More importantly, this case is in its early stages and, should the need for counsel arise later, one can be appointed at that time. Therefore, the Court will deny without prejudice the request for counsel.

VI. **Conclusion**

For the reasons set forth above, Court will deny the motions filed by Hernandez. (D.I. 23, 24, 25, 26, 33.)

An appropriate Order accompanies this Opinion.

    /s/ Noel S. Hillman
**NOEL L. HILLMAN**
**United States District Judge**

Dated: August 9, 2011
At Camden, New Jersey