# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

ROBERT C. HERNANDEZ,
    Plaintiff,
     v.

CPL R. DONOVAN, et al.,
     Defendants.

CIVIL NO. 10-726(NLH)(JS)

**OPINION**

**APPEARANCES:**

Robert G. Hernandez
SBI# 643521
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977
    Pro se plaintiff

Joseph Clement Handlon
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8862
    On behalf of defendant Cpl. R. Donovan

**HILLMAN**, District Judge

    Plaintiff, Robert G. Hernandez, a pro se litigant who is presently incarcerated, filed this action pursuant to 42 U.S.C. § 1983. Defendant Corporal Richard E. Donovan, II, filed a motion seeking to dismiss plaintiff's complaint on grounds that plaintiff failed to exhaust his administrative remedies. Plaintiff also seeks a preliminary injunction against "officers" for the return of his "legal work." For reasons explained below, defendant's motion to dismiss will be denied without prejudice and plaintiff's motion for injunctive relief will be denied.

## I. BACKGROUND

Plaintiff Hernandez filed a complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. The Court reviewed the original complaint and dismissed all claims except an excessive force claim against defendant Donovan. Hernandez alleges that on May 26, 2010 he and Donovan engaged in an altercation. Hernandez alleges that Donovan grabbed his shirt and maced him. Hernandez states that he pushed Donovan's arm away. Later, Hernandez was charged with assault and housed in maximum security.

Hernandez also alleges that on October 3, 2011 prison officials found contraband - two metal "pieces" - in his property and that "officers" confiscated everything including his "legal work." He alleges that the legal work has not been returned in retaliation for his civil suit. Hernandez seeks an injunction and asks that a retaliation claim be added to his complaint.

## II. JURISDICTION

Plaintiff has alleged that defendant used excessive force in violation of his Fourth Amendment right and, therefore, this Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

## III. DISCUSSION

**A. Motion to Dismiss**

A court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached

2

thereto as exhibits, and matters of public record. Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993), cert. denied, 510 U.S. 1042, 114 S.Ct. 687, 126 L.Ed.2d 655 (1994). A court may consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Id. (citation omitted). If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56. Fed.R.Civ.P. 12(d).

Here, defendant filed a motion to dismiss alleging that Hernandez failed to exhaust his administrative remedies.[1] Attached to his motion is an affidavit of Kendall Hickman, the Inmate Grievance Chairperson for the Delaware Department of Corrections ("DOC"). The Hickman affidavit attests that the inmate grievance procedure for all DOC institutions is governed by Bureau of Prisons Policy 4.4. Attached to the affidavit is a copy of the written grievance policy. Hickman also attests that he reviewed all records of grievances and appeals filed by Hernandez and confirms that Hernandez never filed a grievance concerning the May 26, 2009 incident involving Donovan.

---

[1] Under the Prison Litigation Reform Act, a prisoner must exhaust all available administrative remedies prior to filing suit. 42 U.S.C. § 1997e(a); Ahmed v. Dragovich, 297 F.3d 201, 209 n. 9 (3d Cir. 2002).

3

In response, Hernandez states that "grievances were filed (sic) handed to staff working the Behavior Modification Unit" on May 27, 29 and 31, 2009. However, Hernandez does not attach copies of the forms. Hernandez also alleges that getting a "grievance was very difficult" and that he was in the isolation unit. He also alleges that the policies and procedures are not accessible by inmates. Donovan did not file a reply.

In order to rule on Dononvan's motion to dismiss, the Court must consider the Hickman affidavit and the attached inmate grievance policy. Although a defendant may submit an "indisputably authentic copy" of the relevant administrative document setting forth remedy procedures to the court to be considered on a motion to dismiss without converting it to a motion for summary judgment, see Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir. 2004), "[r]eliance on declarations from prison officials or Corrections Department administrators requires conversion." Berry v. Klem, 283 F. App'x 1, 3 (3d Cir. 2008). Thus, it is appropriate to convert Donovan's motion to dismiss to a motion for summary judgment. See Fed.R.Civ.P. 12(d); Burns v. Harris County Bail Bond Bd., 139 F.3d 513, 517 (5th Cir. 1998) ("When matters outside the pleadings are presented to and not excluded by the district court, the district court must convert a motion to dismiss into a motion for summary judgment.").

When converting a 12(b)(6) motion to one for summary

4

judgment "all parties must be given a reasonable opportunity to present all the material that is pertinent the motion." Fed.R.Civ.P. 12(d). Generally, a court should give notice of its intent to convert a defendant's motion to dismiss into a motion for summary judgment so that the plaintiff is not subjected to "summary judgment by ambush." In re Bayside Prison Litig., 190 F.Supp.2d 755, 760 (D.N.J. 2002).

Here, the Court finds that Hernandez was not on sufficient notice that the motion to dismiss would be converted to a motion for summary judgment. Cf., Serbin v. Consolidated Rail Corp., 140 F. App'x 336, 337 n. 1 (3d Cir. 2005) (finding plaintiff "knew that the motion could be treated as one for summary judgment" where defendant filed a "motion to dismiss, or in the alternative, for summary judgment") (citing Hilfirty v. Shipman, 91 F.3d 573, 579 (3d Cir. 1996)). Also, Hernandez has argued that he did file grievance forms but failed to attach copies of the forms. He also failed to explain his alleged difficulty pursuing his grievance claims at SCI. See Berry, 283 F. App'x at 5 (finding improper for district court to grant converted motion for summary judgment where it concluded plaintiff's argument in response to claim of failure to exhaust administrative remedies was not properly supported).

Therefore, defendant's motion to dismiss will be denied without prejudice to refile as a motion for summary judgment.

**B. Motion for Preliminary Injunction**

Hernandez filed a motion for preliminary injunction stating that "officers" had confiscated his legal work after having found contraband (two metal pieces) in his possession. Hernandez further states that officers "reading or destroying paperwork or losing paperwork property or legal mail" has been a problem and requests that the Court enter an injunction and investigate the matter. Hernandez also requests that a retaliation claim be added to his complaint.

When considering a motion for a temporary restraining order or preliminary injunction, the court determines: (1) the likelihood of success on the merits; (2) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; (3) the balancing of the hardships to the respective parties; and (4) the public interest. Kos Pharmaceuticals, Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004)(citation omitted). An injunction "may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." Continental Group, Inc. v. Amoco Chems. Corp., 614 F.2d 351, 359 (3d Cir. 1980)(quoting Holiday Inns of Am., Inc. v. B & B Corp., 409 F.2d 614, 618 (3d Cir. 1969)). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." SI Handling Sys., Inc. v. Heisley, 753 F.2d 1244, 1264 (3d Cir. 1985).

Hernandez's motion will be denied. As an initial matter, plaintiff's general claims regarding the seizure of unspecified paperwork is too vague to warrant the imposition of the extraordinary relief of an injunction. Nowhere does he set forth exactly what was taken, when, or by whom, and how the confiscation of his "legal work" impacted his ability to litigate a pending matter or otherwise impeded his access to the courts or legal process. He has, therefore, not shown that he has been irreparably harmed by the seizure. Moreover, it appears by his own admission that the papers were seized in conjunction with items determined to be contraband. He is unlikely, therefore, to succeed on the merits of his claim that the retention of his papers was unlawful. See Tucker v. New York Police Dept., 408 Fed.Appx. 513, 517 (3d Cir. 2010) (finding district court correctly denied injunction requiring police to return property because plaintiff was unlikely to succeed on the merits of his wrongful-retention-of-property claim). With regard to adding a retaliation claim, Hernandez may file a motion seeking leave to file an amended complaint.

At Camden, New Jersey

s/Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

Dated:   June 27, 2012