**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| ROBERT G. HERNANDEZ, | : | |
|     Plaintiff, | : | |
|  | : | |
|     v. | : | CIVIL NO. 10-726(NLH)(JS) |
|  | : | |
| CPL. R. DONOVAN, et al., | : | |
|     Defendants. | : | |
|  | : | **OPINION** |

**APPEARANCES:**

Robert G. Hernandez
SBI# 643521
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977
    Pro se plaintiff

Katisha D. Fortune
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8862
    On behalf of defendant Cpl. R. Donovan

**HILLMAN**, District Judge

    Plaintiff, Robert G. Hernandez, a pro se litigant who is presently incarcerated, filed this action pursuant to 42 U.S.C. § 1983. Defendant Corporal Richard E. Donovan, II, filed a motion for summary judgment on grounds that plaintiff failed to exhaust his administrative remedies. (D.I. 83) For reasons explained below, the motion for summary judgment will be denied.

    **I. BACKGROUND**

    Plaintiff Hernandez filed a complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. The

Court reviewed the original complaint and dismissed all claims except an excessive force claim against defendant Donovan and a dental needs claim against Dr. Cathy Kionke.[1] Hernandez alleges that on May 26, 2010, he and Donovan engaged in an altercation when Donovan grabbed his shirt and maced him, and Hernandez pushed Donovan's arm away. As a result, Hernandez was charged with assault and housed in maximum security.

## II. **JURISDICTION**

Donovan alleges that Donovan used excessive force in violation of his constitutional rights. Therefore, this Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

## III. **DISCUSSION**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of proving that no genuine issue of material fact exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 n.10 (1986). "Facts that could alter the outcome are 'material,' and

---

[1] Despite two attempts, Dr. Kionke has not been served. She is no longer employed at the VCC. (See D.I. 59.) In addition, in the Second Amended Complaint Hernandez incorrectly names the Attorney General of the State of Delaware as a defendant, apparently based upon service requirements. See 10 Del. C. § 3103(c). The Clerk of Court is directed to terminate the Attorney General of the State of Delaware as a defendant.

disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." Horowitz v. Federal Kemper Life Assurance Co., 57 F.3d 300, 302 n.1 (3d Cir. 1995) (internal citations omitted).  If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)).  The Court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995).  The mere existence of some evidence in support of the non-moving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Here, Donovan seeks summary judgment on the grounds that Hernandez failed to exhaust his administrative remedies.[2] The Prison Litigation Reform Act (PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). Donovan has the burden of pleading and proving failure to exhaust administrative remedies as an affirmative defense in a § 1983 action. Ray v. Kertes, 285 F.3d 287, 295-96 (3d Cir. 2002).

Exhaustion means proper exhaustion, that is, "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." Woodford v. Ngo, 548 U.S. 81, 88 (2006). See also Nickens v. Department of Corr., 277 F. App'x 148, 152 (3d Cir. 2008) (unpublished). "'[P]rison grievance procedures supply the

---

[2]Donovan previously sought, and was denied without prejudice, dismissal on the same grounds. (See D.I. 39, 72, 73.)

yardstick' for determining what steps are required for exhaustion." Williams v. Beard, 482 F.3d 637,639 (3d Cir. 2007) (quoting Spruill v. Gillis, 372 F.3d 218, 231 (3d Cir. 2004)).

A futility exception to the PLRA's mandatory exhaustion requirement is completely precluded. Banks v. Roberts, 251 F. App'x 774, 776 (3d Cir. 2007) (unpublished) (citing Nyhuis v. Reno, 204 F.3d 65, 71 (3d Cir. 2000)). The exhaustion requirement is absolute, absent circumstances where no administrative remedy is available. See Spruill, 372 F.3d at 227-28; Nyhuis, 204 F.3d at 67. A grievance procedure is not available, even if one exists on paper, if the defendant prison officials somehow prevent a prisoner from using it. Mitchell v. Hom, 318 F.3d 523 (3d Cir. 2003). If prison authorities thwart the inmate's efforts to pursue the grievance, administrative remedies may be presumed exhausted, as no further remedies are "available" to him. Brown v. Croak, 312 F.3d 109, 112-13 (3d Cir. 2002). Finally, prison authorities may waive the exhaustion requirement if the ultimate administrative authority fully examines the inmate's complaint on the merits, regardless of whether the complaint complied with the prison grievance process. See McKinney v. Guthrie, 309 F. App'x 586, 587 (3d Cir. 2009) (unpublished) (citing Camp v. Brennan, 219 F.3d 279, 281 (3d Cir. 2000)).

Delaware Department of Correction administrative procedures provide for a multi-tiered grievance and appeal process. (D.I. 83, ex. A.)  First, the prisoner must file a grievance within seven days with the Inmate Grievance Chair for an attempt at informal resolution; second, if unresolved, the grievance is forwarded to the Grievance Resolution Committee for a determination, which is forwarded in turn to the Warden; and third, the Bureau Grievance Officer conducts the final level of review.  (Id.)

Attached to Donovan's motion is the affidavit of Kendall Hickman, the Inmate Grievance Chairperson for the Delaware Department of Correction ("DOC").  The Hickman affidavit attests that the inmate grievance procedure for all DOC institutions is governed by Bureau of Prisons Policy 4.4 ("Policy 4.4") which is attached to the affidavit.  Hickman also attests that he reviewed all records of grievances and appeals filed by Hernandez and confirms that Hernandez never filed a grievance concerning the May 26, 2009 incident involving Donovan.

Hernandez responds that Hickman has held only his position since February 2010, and that Hickman's affidavit does not indicate whether or not Hernandez submitted a grievance. Hernandez attests that he requested a pen and grievance forms from prison staff while he was housed in the Behavior Modification Unit at the Sussex Correctional Institution

("SCI").[3]  Donovan is unaware of whether Hernandez requested a pen and grievance form.  (D.I. 88, Ex A.)  In his sworn Declaration, Hernandez states that while at the SCI, he submitted three grievances regarding the acts of Donovan: one on May 27, 2009, one on May 29, 2008, and the last on May 30, 2009, all within the seven day limit as required by the DOC regulations.  On June 1, 2009, Hernandez was transferred to isolation for 45 days.  On June 3, 2009, Hernandez was transferred to the James T. Vaughn Correctional Center ("VCC"), where he remains to date.  Hernandez received no responses to his grievances prior to his transfer.  While Policy 4.4 sets forth a mechanism for resolution of grievances upon institutional transfer, there remain issues of fact as to whether Hernandez's grievances ever processed or transferred with him to the VCC.  (See D.I. 83, ex. A, Policy 4.4 at 7.)

   The Court views the fact in the light most favorable to Hernandez.  See Pastore v. Bell Tel. Co. of Pa., 24 F.3d 508, 51112 (3d Cir. 1994) (factual inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true" (quoting Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992))).

---

[3]Hernandez was housed at the SCI from May 25, 2009 to June 3, 2009.  (See D.I. 86 ¶ 2.)

There is conflicting evidence as to whether Hernandez submitted grievances regarding his altercation with Donovan. Donovan provided his affidavit and that of Hickman, as well as a summary of Hernandez's recorded grievances, which indicate no such grievances were filed. (D.I. 83, ex. A; D.I. 88, ex. B.) Conversely, Hernandez submitted his sworn affidavit that he submitted grievances on three separate occasions complaining of the actions of Donovan. Hernandez's affidavit suffices to create an issue of material fact as to whether he exhausted his administrative remedies available to him.[4] See Matthes v. MCP Hosp. of Phila., 2010 WL 2348699, at *1 n.3 (E.D. Pa. June 9, 2010) (noting a dispute between prison records and a prisoner affidavit regarding the filing of grievances creates a material issue of fact). Because there remain genuine issues of fact with regard the exhaustion, the Court will deny the motion for summary judgment.

**IV. CONCLUSION**

For the reasons set forth above, Donovan's motion for summary judgment will be denied. In addition, Hernandez will be

---

[4] We make no finding in this regard, and there is no other evidence to suggest it, but taking Hernandez's evidence as true raises the specter that prison officials either did not submit his grievances for processing, or transfer them with Hernandez to the VCC, thus, thwarting Hernandez's attempts to pursue the grievance process.


ordered to show cause why Dr. Kionke should not be dismissed as a defendant for failure to serve pursuant to Fed. R. Civ. P. 4(m).

An appropriate Order accompanies this Opinion.

        s/ Noel L. Hillman  
        NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey

Dated: March 25, 2013

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| ROBERT G. HERNANDEZ,<br>     Plaintiff, | : <br>: <br>: <br>: | |
| v. | : | CIVIL NO. 10-726(NLH)(JS) |
| CPL. R. DONOVAN, et al.,<br>     Defendants. | : <br>: <br>: <br>: | **ORDER** |

**HILLMAN**, District Judge

       For the reasons expressed in this Court's Opinion entered today, it is this _25th_ day of March, 2013,

       **ORDERED** that defendant Corporal Richard E. Donovan, II's motion for summary judgment (D.I. 83) is **DENIED**; and it is further

       **ORDERED** that the Clerk of Court is directed to terminate the Attorney General of the State of Delaware as a defendant; and it is further

       **ORDERED** that the Complaint in the above-captioned case was filed on August 26, 2010 and defendant Dr. Cathy Kionke has not been served; and it is finally

       **ORDERED** that on or before ___**April 24**___ , **2013**, plaintiff shall SHOW CAUSE why defendant Dr. Cathy Kionke should

not be dismissed for failure to serve process within 120 days of filing the Complaint, pursuant to Fed. R. Civ. P. 4(m).

At Camden, New Jersey                        s/ Noel L. Hillman
                                                           NOEL L. HILLMAN, U.S.D.J.