**UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| ROBERT G. HERNANDEZ, <br>     Plaintiff, | : <br> : <br> : | |
| v. | : <br> : | CIVIL NO. 10-726(NLH)(JS) |
| CPL. R. DONOVAN, et al., <br>     Defendants. | : <br> : <br> : | **MEMORANDUM ORDER** |

**HILLMAN**, District Judge

    At Camden, New Jersey, this __9th__ day of August, 2013,

    **IT IS ORDERED** that: (1) Plaintiff's request to withdraw civil complaint, construed as a motion for voluntary dismissal (Doc. No. 122) is **GRANTED**; (2) the remaining pending motions (D.I. 113, 116) are **DENIED** as moot; (3) Plaintiff shall **SHOW CAUSE** within thirty (30) days from the date of this Order why the case should not be dismissed with prejudice; and (4) the Court holds in abeyance dismissal of the case pending Plaintiff's response to the Show Cause Order; for the reasons that follow:

    Presently before the Court is Plaintiff's motion to voluntarily dismiss. Due to the procedural posture of this matter, any dismissal would be governed by Fed. R. Civ. P. 41(a)(2). Rule 41(a)(1) provides for voluntary dismissal by the Plaintiff without a court order before the opposing party serves either an answer or a motion for summary judgment. Procedurally,

Rule 41(a)(1) is not available to Plaintiff because Defendants have answered the complaint.

Rule 41(a)(2) states that "except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper .... Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a). The motion is construed as a request for voluntary dismissal pursuant to Rule 41(a)(2) and requires a court order.

Due to the extent to which this matter has been litigated, and taking into consideration the judicial and other legal resources that have been invested to this point, it appears that dismissal with prejudice would be appropriate. See e.g., Hoffman-La Roche Inc. v. Genpharm Inc., 50 F. Supp. 2d 367, 371 (D.N.J. 1999). Factors considered in deciding whether to grant the dismissal with prejudice include: (1) the excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by the defendant in preparing for trial; (3) the extent to which the current suit has progressed; (4) the plaintiff's diligence in bringing the motion to voluntarily dismiss and his explanation therefore; and (5) the pendency of a dispositive motion by the non-moving party. See Dodge-Regupol, Inc. v. RB Rubber Products, Inc., 585 F. Supp. 2d 645, 652 (M.D. Pa. 2008).

Should the Court dismiss this matter without prejudice and Plaintiff resurrect it at some unspecified point in the future, it would appear that Defendants would be significantly prejudiced by the excessive and duplicative expense of a second litigation. In addition, it is clear from the procedural history in this matter that significant judicial and other legal resources have already been expended on this litigation.

After four years of litigation, Plaintiff no longer wishes to pursue this action.  Ordinarily, the Court would dismiss the case with prejudice and, it appears, that is what Plaintiff seeks.  However, given Plaintiff's pro se status and, out of an abundance of caution, Plaintiff is ordered to show cause, within thirty days from the date of this order, why this case should not be dismissed with prejudice.  If the Plaintiff does not respond within the specified time period, the Clerk of the Court is directed to mark the matter CLOSED.

*/s/ Noel L. Hillman*
_____
NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey

3